NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JAMES FLANIGAN, PETITIONER, v. CONROY BROTHERS, RESPONDENT.

For the petitioner, *Charles Becker.*

For the respondent, *McCarter & English.*

\*  \*  \*  \*  \*  \*  \*

Petitioner alleges that he sustained an accident arising out of and in the course of his employment with respondent on June 23d, 1928. He alleges that while working as a laborer he fell from a scaffold a distance of about ten feet. He alleges that as a result of said accident he sustained injuries which caused temporary disability for a period of thirty-one weeks. He further alleges that as a result of said accident he sustained a laceration of his skull and concussion of the brain, with consequent permanent injury to his head generally, to the brain, affecting his mental condition. He alleges further as permanent injuries a loss of hearing in both ears, loss of appetite and loss of sleep. He has a syphilitic condition which he alleges has been aggravated by said accident. He further alleges that his eyes are affected with constant loss of vision, as a result of said accident.

Respondent has paid petitioner as and for his temporary disability thirty-one weeks at $17 a week, amounting to $527. Respondent denies that petitioner has sustained any permanent injury directly or indirectly by way of aggravation or

otherwise from the accident referred to. Respondent, however, taking all injuries, diseases and any and all other conditions of petitioner into consideration, and basing this settlement on not only petitioner's present condition but on any and all developments in his condition which may be by him or by doctors alleged to be the result of said accident, either directly or by way of aggravation, is willing to settle the entire matter on a compromise basis for thirty-one weeks' temporary disability at $17 a week, which has already been paid, and for thirty per cent. of total permanent disability amounting to one hundred and fifty weeks at $17 a week, with petitioner's attorney to receive a counsel fee of $500, which respondent is to pay. Petitioner and his attorney accept said compromise settlement as above outlined.

From the testimony and the facts stipulated, the settlement is fair to both sides, and is approved by this court upon the distinct understanding of the petitioner and his attorney, respondent and its attorneys, that a fundamental element of the settlement is the fact that any future and further developments resulting in an increased disability to the petitioner are taken into consideration, and are, in a large measure, the reason for respondent's willingness to agree to this compromise settlement.

\*       \*       \*       \*       \*       \*       \*

HARRY J. GOAS,
*Deputy Commissioner.*